UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RUSSELL HERNANDEZ,                                Case No. 16 CV 537 (LTS)
              Plaintiff,

     -against-                                          **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. NOE                    **JURY DEMAND**
TATTEGRAIN [SHIELD # 15258], P.O.
HUMBERTO ACOSTA [SHIELD # 126],
P.O. BRIAN TREUHAFT [SHIELD #
30390], SERGEANT RAMOS, JOHN
DOE and JANE DOE #1-2 (the names
John and Jane Doe being fictitious, as the
true names are presently unknown),
              Defendants.
------------------------------------------------------------------------X

Plaintiff, RUSSELL HERNANDEZ, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Noe Tattegrain [Shield # 15258], P.O. Humberto Acosta [Shield # 126], P.O. Brian Treuhaft [Shield # 30390], Sergeant Ramos, and John Doe and Jane Doe #1-2 (collectively, "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant P.O. Noe Tattegrain [Shield # 15258] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant P.O. Humberto Acosta [Shield # 126] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant P.O. Brian Treuhaft [Shield # 30390] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant Sergeant Ramos was at all times material herein a sergeant employed by the NYPD. S/he is named here in his or her official and individual capacities.

11. Defendants Tattegrain, Humberto, Treuhaft, Ramos and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

12. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about November 20, 2015, at approximately 8:00 p.m., defendant officers, acting in concert, arrested the plaintiff without cause at or close to

the corner of Lenox Avenue and West 145th Street, New York, New York, and charged plaintiff with VTL 1192(1) 'Operating a motor vehicle while under the influence of alcohol or drugs'.

14. Plaintiff, however, did not drink any alcohol, did not operate his motor vehicle while his ability to do so was impaired by the consumption of alcohol, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

15. Prior to the arrest, plaintiff was returning home from a car wash when he was suddenly pulled over by defendant officers.

16. When plaintiff inquired as to the reason why he was pulled over, defendant officers falsely stated that the plaintiff was pulled over for speeding and subsequently indicated that the plaintiff was allegedly driving 38 miles per hour in a 25 miles per hour zone.

17. There are, however, speed bumps and potholes located within the vicinity or close to the location of the arrest, and the plaintiff would have destroyed his car running over those speed bumps and potholes had he exceeded the speed limits.

18. Eventually, defendant officers indicated that that they were going to administer a breathalyzer test to the plaintiff.

19. Defendant officers then proceeded to administer two separate breathalyzer tests to the plaintiff at the scene of the arrest.

20. Plaintiff scored or registered 0.0 on each test.

21. Even though plaintiff tested negative on the breathalyzer tests, defendant officers still proceeded to arrest the plaintiff.

22. Defendant officers tightly handcuffed the plaintiff with his hands placed behind his back.

23. Plaintiff complained that the handcuffs were too tight and were cutting into his skin causing him to experience pain and numbness in his arms.

24. Defendant officers refused plaintiff's entreaties to remove or loosen the handcuffs.

25. When plaintiff inquired as to the reason for the arrest, defendant officers stated that they were going to administer yet another breathalyzer test to him at the precinct.

26. Defendant officers then subjected the plaintiff to an illegal and warrantless search.

27. Defendant officers' illegal and warrantless search of the plaintiff did not yield any contraband.

28. Notwithstanding the above, defendant officers forcibly pushed the plaintiff into their police vehicle and transported the plaintiff to NYPD-28th Precinct.

29. Defendant officers detained the plaintiff at the precinct for a lengthy period of time.

30. Eventually, after a lengthy period of time, a state trooper administered yet another breathalyzer test to plaintiff at NYPD-28th Precinct.

31. As with the previous tests, plaintiff scored or registered 0.0 on the test.

32. Despite the above, defendant officers refused to release the plaintiff from his unlawful detention.

33. Defendant officers transported the plaintiff from NYPD-28th Precinct to NYPD-32nd Precinct.

34. Plaintiff who is diabetic requested medical care or treatment.

35. Defendant officers ignored plaintiff's request for medical care or treatment.

36. Plaintiff also requested food and water.

37. Defendant officers ignored plaintiff's request for food and water.

38. Eventually, after detaining plaintiff for a lengthy period time, defendant officers summarily released plaintiff.

39. Upon his release, plaintiff was informed that his vehicle was parked in a parking lot that was located behind NYPD-32nd Precinct.

40. Upon entering into his vehicle, plaintiff discovered that the vehicle was thoroughly searched and that several items were moved around, damaged and/or missing.

41. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and

was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

42. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

43. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

<u>FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers</u>

44. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. The conduct of defendant officers, as described herein, amounted to false arrest.

46. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

47. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers</u>

48. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

5

49. The conduct of defendant officers, as described herein, amounted to excessive use of force.

50. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

52. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

54. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

55. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

56. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

57. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

59. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

60. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

62. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63. Defendant officers manufactured evidence of criminality against the plaintiff.

64. The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

65. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

66. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK - against defendant officers

67. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk.

69. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

70. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

71. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72. Defendant officers subjected plaintiff to unreasonable search & seizure.

73. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

74. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

75. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. Defendant officers denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

77. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

78. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

79. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80. Defendant officers unlawfully retaliated against the plaintiff for exercising his First Amendment rights as described above.

81. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

82. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

83. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84. The conduct of defendant officers, as described herein, amounted to unlawful entry.

85. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

86. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

87. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. In an effort to find fault to use against the plaintiff who is black, defendant officers met with themselves and with several other individuals on numerous occasions and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

89. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

90. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

<u>TWELFTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City</u>

91. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92. Defendant City, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

93. Defendant City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading, assaulting, and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext

10

that they were involved in narcotics, drugs, guns, robbery and/or other illicit activities.

94. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

95. In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-28th Precinct and NYPD-32nd Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

96. Most of the arrests and charges made by officers assigned to said precincts are usually voided and/or dismissed by prosecutors for lack of evidence.

97. Defendant City has settled numerous lawsuits brought in this district against several officers assigned to the precincts concerning similar arrests and charges as those described herein.

98. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

99. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse and the use of force and the right to due process.

100. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRTEENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

101. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 100 of this complaint as though fully set forth herein.

102. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

103. In addition, the defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

104. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

105. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

12

FOURTEENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

106. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 105 of this complaint as though fully set forth herein.

107. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

108. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

109. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained serious bodily injuries with the accompanying pain and was rendered sick, sore, and bruised and sustained, among others, injuries to his neck, wrists, back, legs, shoulders and hands.

111. The conduct of the defendants, as described herein, amounted to assault and battery.

112. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND SEIZURE) - against defendants

113. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114. The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

115. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

116. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117. Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

118. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

119. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTEENTH CAUSE OF ACTION: TORTS (FRAUD, REPLEVIN AND CONVERSION) - against defendants

120. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 119 of this complaint as though fully set forth herein.

121. The conduct of the defendants, as described herein, amounted to fraud, replevin and conversion.

122. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINETEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

123. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

125. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

126. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWENTIETH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

127. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 126 of this complaint as though fully set forth herein.

128. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

129. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

130. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

131. Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.  For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.  For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       June 6, 2016

UGO UZOH, P.C.

/s/

_____

By:  Ugochukwu Uzoh (UU-9076)
     Attorney for the Plaintiff
     304 Livingston Street, Suite 2R
     Brooklyn, N.Y. 11217
     Tel. No: (718) 874-6045
     Fax No: (718) 576-2685
     Email: u.ugochukwu@yahoo.com